UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
SHERVAUGHN REMY,

                Plaintiff,  **COMPLAINT**

    -against-  PLAINTIFF DEMANDS
                                       TRIAL BY JURY
THE CITY OF NEW YORK, DETECTIVE MICHAEL
WINDSOR, Shield #5648, POLICE OFFICERS
JANE/JOHN DOE(S), #s 1-10,

                Defendants.
_____X

PLAINTIFF SHERVAUGHN REMY, by his attorney DAVID A. ZELMAN, ESQ., for his COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which PLAINTIFF SHERVAUGHN REMY (hereinafter "REMY") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On or about February 14, 2013, REMY was unlawfully detained prior to arraignment, for approximately 63 hours, by Defendants, in violation of his constitutional rights.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. REMY at all times relevant hereto resided in Brooklyn, New York.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendants DETECTIVE MICHAEL WINDSOR, Shield #5648, (hereinafter "WINDSOR" or "Defendant") was a NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. WINDSOR is sued in his official and individual capacity.

6. Defendants POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-10 (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

7. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

2

8. On or about February 14, 2013, at approximately 11:00 A.M., REMY turned himself in at the 77th Precinct located at 127 Utica Avenue in Brooklyn, New York, where he was arrested by Defendant officers, including but not limited to WINDSOR.

9. On or about February 15, 2013, Assistant District Attorney William Gratton instructed arresting officer, defendant WINDSOR, to release REMY.

10. Defendants proceeded to detain REMY until he was arraigned on or about February 17, 2013, at approximately 2:00 A.M., a detention of approximately 63 hours. REMY was released from custody, without bail, at that time.

11. Several police officers, including but not limited to defendant WINDSOR, were involved in the ongoing detention and investigation of REMY during this period.

## V. FIRST CAUSE OF ACTION
### Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

12. Paragraphs 1 through 11 are hereby realleged and incorporated by reference herein.

13. That Defendants had no legal cause nor excuse to detain REMY for a prolonged period prior to arraignment.

14. That Defendants detained REMY excessively prior to arraignment in violation of REMY's civil rights.

15. That Defendants detained REMY with ill will and/or negligently.

16. That Defendants should have expeditiously investigated this matter and released REMY.

17. By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of REMY's rights, deprived REMY of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

18. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

19. That upon information and belief, in 2013, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

20. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

21. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

22. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of REMY's rights alleged herein.

23. That Defendant, through its officers, agents and employees, unlawfully incarcerated REMY for an excessive period of time prior to arraignment.

24. By reason of the foregoing, REMY suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

VI. <u>SECOND CAUSE OF ACTION</u>
Pursuant to § 1983 (FALSE ARREST)

25. Paragraphs 1 through 24 of this complaint are hereby realleged and incorporated by reference herein.

26. That Defendants had neither valid evidence for the arrest of REMY nor legal cause or excuse to seize and detain him.

27. That in detaining REMY without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. REMY was but one of those persons.

28. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

29. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

30. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of REMY's rights alleged herein.

31. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of REMY's rights, subjected REMY to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

32. By reason of the foregoing, REMY suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, REMY has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, REMY respectfully requests that judgment be entered:

1. Awarding REMY compensatory damages in a full and fair sum to be determined by a jury;
2. Awarding REMY punitive damages in an amount to be determined by a jury;
3. Awarding REMY interest from February 14, 2013 and
4. Awarding REMY reasonable attorney's fees pursuant to 42 USC §1988; and
5. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
May 6, 2014

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway

Brooklyn, New York 11225
(718)604-3072

7